UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM MCDONALD | No. C 07-5066 WDB |
| Plaintiff, | REPORT AND RECOMMENDATION THAT ACTION BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION; ORDER FOR PLAINTIFF TO SERVE DEFENDANT; ORDER VACATING JANUARY 9, 2008, CASE MANAGEMENT CONFERENCE |
| v. | |
| CRYSTAL MEAGHER, | |
| Defendant. | |

Plaintiff filed this action on October 2, 2007, against Defendant Crystal Meagher, asserting that Ms. Meagher committed "perjury in the State of California," in her request for a "civil protective order," filed in California Superior Court in San Mateo County. Plaintiff seeks a "removal of the civil restraining order" and "$2,000,000 compensation." Having reviewed Plaintiff's Complaint, the undersigned now REPORTS AND RECOMMENDS that the case be dismissed for lack of subject matter jurisdiction.

California superior courts are courts of general, unlimited jurisdiction and can render enforceable judgments in a broad variety of cases. By contrast, federal courts are courts of limited jurisdiction and cannot hear every dispute presented by litigants. *See e.g., Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Federal courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate: those cases involving diversity of citizenship (where the parties

1

1 are from diverse states and the amount in controversy is at least $75,000), or involving a
2 federal question, or those cases to which the United States is a party. *See, e.g.*, *Kokkonen v.*
3 *Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994). The burden of establishing
4 that the Court has jurisdiction over a particular dispute rests upon the party asserting
5 jurisdiction. *Id*. at 377.

6 Moreover, federal courts are under a duty to raise and decide issues of subject matter
7 jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking. *See*
8 Fed. R. Civ. P. 12; *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir.1983). If the
9 Court determines that subject matter jurisdiction is lacking, the Court must dismiss the case.
10 *Id.*; Fed. R. Civ. P. 12(h)(3).

11 In the present case, Plaintiff's pleadings fail to disclose a basis for jurisdiction in
12 federal court. Plaintiff has not alleged that the parties are residents of different states.
13 According to Plaintiff's papers, Defendant Meagher, like Plaintiff, resides in California. Nor
14 has Plaintiff plead facts indicating that Ms. Meagher has violated a specific federal
15 constitutional or statutory provision.

16 Accordingly, the undersigned now directs the Clerk of the Court to reassign this action
17 to a District Court Judge, and RECOMMENDS that the newly assigned District Judge
18 dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.

19 The undersigned now ORDERS Plaintiff, Adam McDonald, to serve a copy of this
20 Report and Recommendation immediately upon Ms. Meagher.

21 The Case Management Conference before the undersigned set for Wednesday,
22 January 9, 2008, is VACATED.

24 Dated:    January 3, 2008

WAYNE D. BRAZIL
United States Magistrate Judge

2